**ORIGINAL**

<span style="color:red">REISSUED FOR PUBLICATION
OCT 15 2018
OSM
U.S. COURT OF FEDERAL CLAIMS</span>

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-110V
(Filed: September 17, 2018)

| | |
|---|---|
| * * * * * * * * * * * * * | |
| EMILEE M LESTER, | UNPUBLISHED |
| Petitioner, | |
| v. | Dismissal; Failure to Prosecute; Failure to Follow Court Orders |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | **FILED** SEP 1 7 2018 U.S. COURT OF FEDERAL CLAIMS |
| Respondent. | |
| * * * * * * * * * * * * * | |

*Emilee Lester, pro se*, Lexington, KY.
*Debra Begley, Esq.*, U.S. Dept. of Justice, Washington, DC, for respondent.

### DECISION[1]

**Roth**, Special Master:

On February 7, 2014, Madison and Sarah Lester filed a petition for compensation in the National Vaccine Injury Compensation Program, 42 U.S.C. 300aa-10, et seq.[2] (the "Vaccine Act" or "Program") on behalf of their then-minor child, Emilee Lester. Emilee Lester ("Ms. Lester" or "petition") was substituted as petitioner on January 23, 2017. Petitioner alleges that HPV vaccinations she received on July 27, 2010; September 30, 2010; and February 4, 2011, caused her to develop abdominal pain, neck and back pain, joint pain, myofascial pain, and headaches. *See*

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Petition, ECF No. 1. At that time, petitioner was represented by counsel. Counsel subsequently filed a motion to be relieved, which was granted on August 17, 2017. *See* Motion to Withdraw as Attorney, ECF No. 52; Order, ECF No. 58. Petitioner has been *pro se*, or representing herself, since that time.

My law clerk attempted to contact petitioner via telephone multiple times in September of 2017 to set up a telephonic status conference. Petitioner did not return any of these calls.

On October 4, 2017, I issued an Order for petitioner to contact my chambers by December 8, 2017, to schedule a status conference. Petitioner failed to comply with this Order.

My law clerk attempted to contact petitioner via telephone multiple times in December of 2017 and February of 2018. Petitioner did not return any of these calls.

On March 19, 2018, I issued an Order for petitioner to file a Status Report by Friday, May 18, 2018, advising of her efforts to retain a new attorney. Petitioner was provided with a list of attorneys who practice in the Vaccine Program.

On May 17, 2018, petitioner contacted chambers via telephone to advise that her file was being reviewed by an attorney. Petitioner requested additional time to retain new counsel. Petitioner was ordered to file a Status Report by July 17, 2018.

On August 7, 2018, I issued an Order to Show Cause, requiring petitioner to file a status report or otherwise show cause for why her case should not be dismissed for failure to prosecute, by no later than Friday, September 7, 2018. Petitioner was advised that failure to respond to court orders would result in the dismissal of her claim. Petitioner did not file a status report, nor did she contact the Court in any way to indicate that she still intended to prosecute her case.

It has been over a year since petitioner became a *pro se* litigant. During that time, my chambers has attempted to communicate with petitioner via telephone calls, voicemail messages, and orders issued. Petitioner has repeatedly failed and/or refused to comply with requests from chambers or deadlines set by Court order.

It is petitioner's duty to prosecute her case, and to follow court. Orders. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). **Accordingly, this case is dismissed for failure to prosecute and failure to follow court orders. The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

Date: 9/17/18

Mindy Michaels Roth
Special Master